ANNA E. MOORE, PROSECUTOR, v. FIRE AND POLICE PENSION FUND COMMISSION OF THE CITY OF PATERSON, RESPONDENT.

Submitted June 9, 1932—Decided June 14, 1932.

For the prosecutor, *Randall B. Lewis*.

For the respondent, *Salvatore D. Viviano*.

BROGAN, J. The writ brings up the decision of the fire and police pension fund commission of the city of Paterson denying the application of Anna E. Moore for a pension as the widow of the late Peter Moore, police chauffeur of the police department of the city of Paterson and the matter was, under the statute, brought on before me as a single justice of the Supreme Court.

The return of the respondent discloses the following facts: that the applicant, Anna E. Moore, a resident of Massachusetts, appeared before the pension fund commission on September 9th, 1930, and made application for pension as the widow of Peter Moore, who died in July, 1925, while a member of the police department and while in good standing as a member of the pension fund for said police department; that the applicant stated that she had been married to the deceased since March, 1884, had lived with him as wife for fifteen years, but had been separated from him since 1899; that she had never been divorced or legally separated from him down to the time of his death; that she had seen him at stated intervals at least once a year up to 1919; that she claimed to have been married to decedent by a minister, at the Park Avenue Baptist Church in Paterson but there is no record of the marriage at the church nor were any records of such marriage found in any state or local bureau; that the said minister has since died and no one has been found who has any of his records concerning marriages performed by him. These facts appear in the return of the respondent and were brought out at the meeting of respondent commission on September 9th, 1930.

The return shows another meeting held on November 18th, 1930, in which the said application again engaged the attention of the members of the pension fund commission. At this second meeting the applicant produced witnesses in addition

to herself, one who had known the applicant and the decedent for forty years, and that for fifteen years they lived together as man and wife in the same house as the witness and were known as man and wife; another, an employe of the department of labor of the State of New Jersey, who testified that he likewise had known the applicant and the decedent for forty years and that he, too, knew them as man and wife and had met them at social affairs where they held each other out as man and wife; still another that he had known these parties for many years and had visited them at their home where the decedent introduced the applicant as his wife; still another who had employed the applicant as a domestic in her home, who knew the parties, applicant and decedent, as man and wife.

There were other witnesses who testified along similar lines.

At a subsequent meeting, December 9th, 1930, the commission adopted a resolution denying the application of the said Anna Moore on the ground "that there had been no proof that she was ever married * * *" which resolution was unanimously adopted and, consequently, the application for pension failed.

This resume constitutes all the information contained in the return.

At this juncture of affairs it will be observed that all the proof appearing in the return tended to prove and did prove if not a ceremonial marriage at least a common-law marriage.

In April, 1931, the parties hereto took testimony before a Supreme Court commissioner in which the matter in controversy was fully discussed by both sides. All of the witnesses mentioned above were heard and others in addition to that list. It further appeared that at or about the time of the alleged marriage the applicant had gone to the Prudential Insurance Company, in which company she carried a policy of insurance, and had had her name changed in the policy from her maiden name, Annie E. Wilson, to Annie E. Moore.

The testimony produced by the respondent, pension commission, to offset the prosecutor's proof is at best negative in character. It tended to show and did show that from the

time the prosecutor left the deceased that he had lived with another woman and that she had held herself out or for that matter had been held out, by the decedent, as wife. It is a significant fact that although the said Peter Moore died in July, 1925, at no time did the second woman in the case make application as the wife of the decedent for the pension that would have been her due under the law as widow of a deceased member of said police pension fund of the city of Paterson if she were in fact lawfully such widow. The testimony of the respondent attacks the prosecutor's case by indirection and negatively. Testimony of this kind is never convincing in the face of affirmative proof to the contrary.

The respondent, the pension commission, takes the position that this court will not review evidence with a view to ascertaining whether it might have reached a different conclusion from the tribunal below and that if the judgment of the pension commission can be supported it will not be disturbed.

This generally states the law on this question, but there are certain exceptions thereto and the instant case is one of them. The facts in this case are reviewable in this court. *Cf. Statute on Certiorari, section* 11, 1 *Comp. Stat., p.* 405. In the case at hand, however, an examination of the return of the respondent and the testimony taken compels the conclusion that there is no justification for the finding that the prosecutor was not married to the decedent, while there is plenary evidence, affirmative in its nature, to justify the finding that the prosecutor was married to the decedent.

The second point in the respondent's brief argues that the prosecutor is in laches and therefore entitled to no relief. It must be presumed that this substantial question was raised at the time application was made for the writ and the writ allowed, so, apparently, the court, at the time the application was made, concluded that under all the circumstances of this case the prosecutor was not in laches. Her delay in making this application militated against herself and not at all against the respondent. Living as she did in the State of Massachusetts, the prosecutor was far away from the place where she might have gotten information about her rights. The re-

spondent is a continuous body. Its records are permanent and laches may not generally be invoked under these circumstances. There is no inequity worked upon the respondent by the recognition of this claim. It is not such a delay as worked to the disadvantage of the respondent.

As to the third point that the prosecutor has failed to establish that she was the wife of Peter Moore at the time of his death and that she still remains unmarried, suffices it to say that there is a stipulation in the record that the prosecutor remains unmarried.

The proofs before the respondent, pension commission, sufficiently proved that the prosecutor was in fact the wife of the decedent and no evidence was presented to controvert it.

The resolution, therefore, of the pension commission of the fire and police pension fund commission of the city of Paterson will be set aside and a rule may be entered to that effect.